IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUPERIOR BAY MARINE OF ALABAMA, LLC, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 25-00541-B |
| | * | |
| LUXEMBORG TRADING, LLC, | * | |
| | * | |
| Defendant. | * | |

## ORDER

This action is before the Court on Plaintiff Superior Bay Marine of Alabama, LLC's motion for an extension of time to serve Defendant Luxemborg Trading, LLC and memorandum in support (Docs. 21, 22).

The record reflects that Plaintiff commenced this action on December 30, 2025. (Doc. 1). On December 31, 2025, the Clerk issued a summons directed to "Luxemborg Trading, LLC, by and through It's Registered Agent, Irma Isabel Pruneda, 2601 N. Skinner Rd., Edinburg, Texas 78542." (Doc. 2). On February 26, 2026, Plaintiff filed a return of service indicating that Defendant was served on February 9, 2026, when a process server delivered the summons and complaint to "Mr Manuel Juaristi, who is designated by law to accept service of process on behalf of Luxemborg Trading, LLC at 2601 N Skinner Rd, Edinburg, TX 78542." (Doc. 13). Per the return of service, Mr. Juaristi "identified themselves as the

person authorized to accept with identity confirmed by subject stating their name" and "accepted service with direct delivery." (Id.).

On April 6, 2026, Plaintiff filed a motion requesting entry of default against Defendant for its failure to plead or otherwise defend this action. (Doc. 17). On April 9, 2026, the Clerk entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 18). On April 15, 2026, Plaintiff filed a motion for entry of default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b)(2). (Doc. 19). In an order dated July 20, 2026, the Court found that Plaintiff had failed to demonstrate that service of process through Mr. Juaristi was sufficient to establish proper service on Defendant. (Doc. 20 at 3). Accordingly, the Court set aside the default entered by the Clerk against Defendant and denied Plaintiff's motion for default judgment without prejudice. (Id. at 8). The Court ordered Plaintiff to file either a renewed, properly supported motion for Clerk's default or a motion for extension of time to complete service of process on Defendant under Federal Rule of Civil Procedure 4(m). (Id. at 9).

On August 3, 2026, Plaintiff filed the instant motion and memorandum requesting that the Court "re-open the time for Plaintiff to serve Defendant" and extend the time for Plaintiff to complete service of process on Defendant through October 2, 2026.

2

(Docs. 21, 22).    In the motion, Plaintiff states that between December 31, 2025 and February 9, 2026, it made multiple attempts to serve process "upon the person designated by Luxemborg to the Secretary of State of Texas as its registered agent for service of process, an Irma Isabel Pruneda, whose address was listed as 2601 North Skinner Road, Edinburg, Texas, an address which Plaintiff's counsel, upon information and belief, verily believed then and still believes to be Luxemborg's main office," including the attempted service through Mr. Juaristi. (Doc. 21 at 2).  Plaintiff "contends that the efforts of ABC Legal's process server, Rosa Guerrero, demonstrated that Luxemborg avoided service of process on a number of occasions."  (Id. at 4).    Plaintiff further "contends that Irma Isabel Pruneda was negligent in her duties as a registered agent for service of process of Luxemborg or she misunderstood the purpose for which she served as an agent was to facilitate service of process upon an entity like Luxemborg which, as a limited liability company, is a legal person but not a natural one."  (Id.).  Plaintiff "contends that it has shown good cause for its failure personally to serve Irma Isabel Pruneda because she either negligently, or because she failed to understand her role as registered agent for service of process of Luxemborg Trading, LLC, evaded a bona fide process server seeking to bring [Luxemborg] before the court for the 'just, speedy and inexpensive determination of every action' per Rule 1, Fed. R. Civ. P." (Id.

3

at 4-5).  Plaintiff alternatively requests, should the Court determine it has failed to show good cause for its failure to timely serve Defendant, that the Court permissively re-open and extend the service period under Rule 4(m) through October 2, 2026. (Id. at 5).

Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Id.

Good cause "exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."  Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotation omitted).  "Absent a showing of good cause, the district court has the discretion to extend the time for service of process."  Id. at 1282.  In exercising this discretion, the court must consider whether any other circumstances, such as the expiration of a statute of limitations or the defendant evading service, warrant an extension of time based on the facts of the case.  Id.

4

In this case, it appears that Plaintiff has diligently attempted service on Defendant, and that Defendant's registered agent has not been available to accept service during any of Plaintiff's several service attempts.[1]  See Emps. Ins. Co. of Wausau v. Redlands Christian Migrant Ass'n Inc., 2020 U.S. Dist. LEXIS 19223, at *3, 2020 WL 533928, at *1 (M.D. Fla. Feb. 3, 2020) (stating that registered agent's unavailability for service during the hours mandated by state law "would be good cause in some situations").  Thus, Plaintiff has arguably shown good cause for extending its deadline to complete service of process on Defendant. However, even if Plaintiff had not established good cause, the Court would exercise its discretion to extend the time for Plaintiff to effectuate proper service on Defendant.

Accordingly, Plaintiff's motion for an extension of time to serve Defendant (Doc. 21) is **GRANTED**.  The deadline for Plaintiff to complete service of process on Defendant pursuant to Federal Rule of Civil Procedure 4(m) is hereby **EXTENDED** to **October 2, 2026.**

---

[1] Plaintiff "contends that the efforts" of its process server "demonstrated that Luxemborg avoided service of process on a number of occasions." (Doc. 21 at 4).  However, Plaintiff does not appear to set forth any specific facts supporting that Luxemborg avoided service of process apart from indicating that Ms. Pruneda was not available to accept service during the occasions on which it was attempted.  Plaintiff is advised that to the extent it asserts that Defendant is evading service of process in this action, it is required to present facts in support of its assertion.

Plaintiff is cautioned that if it does not complete service of process on Defendant by the extended deadline and does not otherwise file a timely motion for an extension of time showing good cause for the failure to complete service by the deadline, the undersigned will recommend that this action be dismissed without prejudice against Defendant pursuant to Federal Rule of Civil Procedure 4(m).

ORDERED this **4th** day of **August, 2026.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**

6